UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WARD P.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**DECISION AND ORDER**

6:25-CV-06109 CDH

## INTRODUCTION

Plaintiff Ward P. ("Plaintiff") seeks review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant") denying his application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act (the "Act"). (Dkt. 1). Under Rules 5 through 8 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) and Local Rule of Civil Procedure 5.5(d), the matter has been presented for decision by the parties' filing of motions for judgment on the pleadings. (*See* Dkt. 5; Dkt. 9; Dkt. 10). For the reasons that follow, the Court grants Plaintiff's motion to the extent that the matter is remanded for further administrative proceedings and denies the Commissioner's motion.

## BACKGROUND

On September 21, 2020, Plaintiff protectively filed an application for DIB. (Dkt. 3 at 19, 87).[1] His application was initially denied on December 9, 2020, and

1 In referencing the administrative transcript, the Court has referred to the page numbers generated by CM/ECF and found in the upper right corner of the documents.

upon reconsideration on February 9, 2021. (*Id*. at 19, 93-104, 108-19). Plaintiff requested a hearing before an administrative law judge ("ALJ") (*id*. at 121-22), which was held on August 16, 2021 (*id*. at 33-62). On August 24, 2021, the ALJ issued an unfavorable decision. (*Id*. at 16-32). Plaintiff sought review from the Appeals Council, which denied his request on February 22, 2023. (*Id*. at 5-10).

Plaintiff commenced an action in this District seeking review of the Commissioner's determination. (*Id*. at 369, 436). On August 11, 2023, the Hon. Elizabeth A. Wolford entered a Stipulation and Order remanding the matter for further administrative proceedings. (*Id*. at 436).

On remand, a newly-assigned ALJ held a hearing on August 30, 2024. (*Id*. at 387-412). On November 6, 2024, the ALJ issued an unfavorable decision. (*Id*. at 366-86). This action followed. (Dkt. 1).

## LEGAL STANDARD

### I. Administrative Determination of Disability

The Social Security Administration's ("SSA") regulations establish a five-step, sequential evaluation that an ALJ follows in determining whether a claimant is disabled within the meaning of the Act. *See Sczepanski v. Saul*, 946 F.3d 152, 156 (2d Cir. 2020); 20 C.F.R. § 404.1520(a). At step one, the ALJ determines whether the claimant is currently engaged in substantial gainful work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not, the ALJ continues to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. *Id*. § 404.1520(a)(4)(ii). An impairment

is "severe" within the meaning of the Act if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id.* § 404.1520(c).

If the claimant has at least one severe impairment, the ALJ proceeds to step three. There, the ALJ determines whether the claimant's impairment or impairments meet or medically equal the criteria of the impairments listed in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(a)(4)(iii). If the claimant does not have an impairment that both meets or medically equals a Listing and satisfies the Act's durational requirement, *see id.* § 404.1509, the ALJ must determine the claimant's residual functional capacity ("RFC"), *id.* § 404.1520(e). "The Social Security regulations define residual functional capacity as the most the claimant can still do in a work setting despite the limitations imposed by his impairments." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013); *see* 20 C.F.R. § 404.1545.

At step four, the ALJ determines whether, in light of the RFC assessment, the claimant is capable of performing any past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is unable to perform any past relevant work, the ALJ proceeds to the fifth and last step. At this step, the burden shifts to the Commissioner to demonstrate that, taking into account the claimant's age, education, work experience, and RFC, the claimant is capable of performing substantial gainful work that exists in the national economy. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see* 20 C.F.R. § 404.1520(a)(4)(v).

## II. Review by the Court

The Court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying an application for DIB. It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted). Instead, in performing its review, the Court is "limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian*, 708 F.3d at 417 (quotation omitted). If the Commissioner's findings of fact are supported by substantial evidence, they are "conclusive." 42 U.S.C. § 405(g). In other words, "[i]f there is substantial evidence to support the determination, it must be upheld." *Selian*, 708 F.3d at 417.

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

# DISCUSSION

## I. The ALJ's Decision

The ALJ applied the five-step, sequential evaluation described above in determining whether Plaintiff was disabled. Before proceeding to step one, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2025. (Dkt. 3 at 371).

The ALJ found at step one that Plaintiff engaged in substantial gainful employment from March 1, 2024, through the date of the ALJ's decision, but that there had been a continuous 12-month period during which Plaintiff had not engaged in substantial gainful employment. (*Id.* at 371-72). The ALJ addressed the remainder of his findings to the period(s) in which Plaintiff had not engaged in substantial gainful activity. (*Id.* at 372).

The ALJ found at step two that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine and hypertension. (*Id.*). The ALJ also concluded that Plaintiff had the non-severe impairments of "HIV, hyperlipidemia, hip degenerative changes, knee osteoarthritis, left toe gout, left hallux IP [interphalangeal] joint, GERD [gastroesophageal reflux disorder], cancerous tonsil mass, and major depressive disorder with anxious distress." (*Id.* at 374).

The ALJ found at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the Listings. (*Id.* at 375). The ALJ particularly considered the criteria of Listings 1.15 and 1.16. (*Id.*).

The ALJ assessed Plaintiff's RFC and determined that Plaintiff retained the ability to perform a reduced range of medium work as defined in 20 C.F.R. § 404.1567(c), with the addition limitations that:

> [Plaintiff] can lift/carry 50 pounds occasionally and 25 pounds occasionally. During an eight-hour workday, he can sit for six hours and stand/walk for six hours. He is unable to climb ladders/ropes/scaffolds. [H]e should avoid work at unprotected heights. He should avoid working in close proximity to dangerous machinery or moving mechanical parts.

(*Id*. at 375). The ALJ then proceeded to step four and found that Plaintiff had no past relevant work for the period from June 16, 2019, the alleged onset date, through February 29, 2024, and that Plaintiff could perform past relevant work as a retail manager for the period from March 1, 2024, through the date of the ALJ's decision. (*Id*. at 378-79, 380).

The ALJ found at step five that—considering Plaintiff's age, education, work experience, and RFC—there were jobs that exist in significant numbers in the national economy that Plaintiff could perform during the entire period at issue. (*Id*. at 380). The ALJ ultimately concluded that Plaintiff was not disabled, as defined in the Act, from June 16, 2019, through the date of the ALJ's decision. (*Id*. at 381).

## II. <u>Remand for Further Administrative Proceedings is Required</u>

Plaintiff argues that, on remand, the ALJ failed to follow the Appeals Council's order, which required the ALJ to properly evaluate the opinion of treating physician Dr. Jacob Scutaru. (Dkt. 5-1 at 1). Plaintiff further argues that the ALJ failed to properly consider the consistency between Dr. Scutaru's opinion and the opinion of consultative examiner Dr. Harbinder Toor regarding Plaintiff's need for off-task time, and that the ALJ failed to appropriately account for Plaintiff's mental health limitations in the RFC analysis. (*Id*.). For the reasons that follow, the Court agrees that the ALJ failed to comply with the Appeals Council's remand order and that this error requires remand. The Court accordingly need not and does not reach Plaintiff's other arguments.

"In the Social Security context, th[e] hierarchical decision-making system vests power in ascending order, in an administrative law judge, the Appeals Council, the

district court, the court of appeals, and the Supreme Court." *Barbara H. v. Comm'r of Soc. Sec.*, No. 5:23-CV-00472 DNH ML, 2024 WL 1721248, at *6 (N.D.N.Y. Apr. 4, 2024) (quotation omitted), *adopted*, 2024 WL 1717370 (N.D.N.Y. Apr. 22, 2024). Accordingly, "[a]n ALJ is required to 'take any action that is ordered by the Appeals Council.'" *Tracy v. Colvin*, No. 1:15-CV-00980 (MAT), 2017 WL 279556, at *2 (W.D.N.Y. Jan. 23, 2017) (quoting 20 C.F.R. §§ 404.977(b), 416.1477(b)). "The failure of an ALJ to abide by the directives in an Appeals Council remand order constitutes legal error requiring remand." *White v. Saul*, 414 F. Supp. 3d 377, 381 (W.D.N.Y. 2019) (collecting cases).

Here, on remand, the Appeals Council issued an order in which it concluded that the original ALJ decision "[did] not contain an adequate evaluation of the medical source opinion of Jacob Scutar[u], M.D." (Dkt. 3 at 440). The Appeals Council noted that, under the Commissioner's regulations, the ALJ was required to consider the supportability and consistency of Dr. Scutaru's opinion, and that the ALJ's supportability analysis was "inaccurate." (*Id.*). The Appeals Council identified particular portions of Dr. Scutaru's treatment notes that "arguably support[ed]" his opinions. (*Id.*). The Appeals Council ordered the ALJ to "[g]ive further consideration to the medical source opinions, particularly the opinion of Dr. Scutar[u], pursuant to the provisions of 20 CFR 404.1520c." (*Id.* at 441).

As Plaintiff correctly points out, in discussing the supportability and consistency of Dr. Scutaru's opinion on remand, the ALJ did not make a single citation to the evidence. (*See id.* at 377). Accordingly, the Court is left to guess as to how the ALJ considered and analyzed Dr. Scutaru's treatment notes. *See*

*Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 142 (N.D.N.Y. 2012) (explaining that an ALJ must support his conclusions with substantial evidence in a way that "build[s] an accurate and logical bridge from the evidence to his conclusion to enable a meaningful review") (original alteration omitted and quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)).

The ALJ's cursory statement that Dr. Scutaru's opinion was "inconsistent with examinations documented in progress notes, which reflect some range of motion loss but no neurological deficits or gait abnormalities" (Dkt. 3 at 377) is insufficient to establish compliance with the Appeals Council's order. The ALJ did not cite to the progress notes on which he was purportedly relying. Further, and as the Appeals Council pointed out in its remand order, Dr. Scutaru's treatment notes reflected Plaintiff's ongoing reports of joint and back pain. (*See id.* at 350, 362, 440). The ALJ failed to explain his assessment of (or indeed even mention) the portions of Dr. Scutaru's treatment notes expressly identified by the Appeals Council as potentially supportive of his opinion.

It is true that "an ALJ is not required to discuss every shred of evidence in the record." *Jennifer S. v. Comm'r of Soc. Sec.*, 771 F. Supp. 3d 256, 264 (W.D.N.Y. 2025). Here, however, the Appeals Council gave the ALJ clear instructions on remand—to give additional consideration to Dr. Scutaru's opinion, including specifically by considering the portions of Dr. Scutaru's treatment notes that were arguably supportive thereof. The ALJ's decision does not reflect that this instruction was followed. On these facts, remand for further proceedings is required.

**CONCLUSION**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 9) is denied, and Plaintiff's motion for judgment on the pleadings (Dkt. 5) is granted to the extent that the matter is remanded for further administrative proceedings. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Colleen D. Holland
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: September 29, 2026
Rochester, New York